IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDDIE VELARDE, et al.,**

    Plaintiffs,

vs.                                              Civ. No. 01-877 DJS/RLP

**RIO ARRIBA BOARD OF COUNTY
COMMISSIONERS, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Rule 12(b)(6) Motion to Dismiss. Defendants are seeking a partial dismissal of Plaintiffs' Complaint. Specifically Defendants are seeking a dismissal of all claims that accrued prior to July 31, 1998. Defendants assert that these claims occurred outside the statute of limitations. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion is well taken and will be granted.

Plaintiffs' Complaint for Violation of Civil Rights was filed on July 31, 2001. Plaintiffs alleges violation of their civil rights pursuant to 42 U.S.C. §§1983, 1985 and 1988. Specifically Plaintiffs assert that Defendants violated rights protected under the First, Fifth and Fourteenth Amendments of the United States Constitution. Plaintiffs also claim violations of their rights under Article II, Section 17 of the Constitution of the State

1

of New Mexico. Plaintiffs assert they were terminated from the Velarde Valley Volunteer Fire Department for exercising their rights to free speech and free association.

**Plaintiff's failure to respond.**

Plaintiffs did not respond to Defendants' Motion. The local rules state that failure to serve or file a response "in opposition to any motion constitutes consent to grant the motion." D.N.M.LR-Div.7.5. Plaintiffs' failure to respond constitutes a waiver of any objection they may have to the Defendants' Motion. The Court has the discretion to dismiss the claims on this basis. Nevertheless, the Court will also address the merits of Defendants' Motion.

**Legal standard**.

In considering a motion to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. Swanson v. Bixler, 750 F. 2d 810, 813 (10th Cir. 1984). The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiffs claim which would entitle the plaintiff to relief. Conley v. Gibson, 355 U. S. 41, 45-46 (1957).

**Discussion**.

State statute of limitations for personal injury claims provide the limitations period for violations of civil rights. Beck v. City of Muskogee Police Department, 195 F.3d 553, 557 (10th Cir. 1999); Arnold v. Duchesne County, 26 F.3d 982 (1994), *cert. denied* (1995). The New Mexico statute of limitations for personal injury actions is three years. NMSA 1978, §37-1-8 (1978).

Plaintiffs filed their Complaint on July 31, 2001. In their Complaint, Plaintiffs allege claims which occurred prior to July 31, 1998. Plaintiffs assert that on June 27, 1998, two members of the Board of Commission of Rio Arriba County voted to dismiss them from the fire department. Plaintiffs allege that on June 29, 1998 one of the individual Defendants changed the locks at the fire department thereby "illegally dismissing" them. The specific claims which occurred prior to July 31, 1998 are alleged in paragraphs 25-31 and 40-43 of the Complaint. These claims and allegations are barred by the statute of limitations.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs' claims for civil rights actions accruing prior to July 31, 1998 are dismissed from Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that paragraphs 25-31 and 40-43 are stricken from Plaintiffs' Complaint.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**