IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDDIE VELARDE, et al.,**

    Plaintiffs,

vs.                                                         Civ. No. 01-877 DJS/RLP

**RIO ARRIBA BOARD OF COUNTY
COMMISSIONERS, et al.,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Reconsider filed August 16, 2002 asking the Court to reconsider its Order granting Defendants' Rule 12(b)(6) Motion to Dismiss. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiffs' Motion is well taken in part.

**Legal Standard**.

Neither the Federal Rules nor the Local Rules of this Court provide for motions to reconsider. However, the Tenth Circuit has held that whether to grant or deny a Motion for reconsideration is committed to the trial court's discretion. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider is appropriate when the court has misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of

1

due diligence. Benedictine College v. Century Office Products, 866 F. Supp. 1323, 1326 (D. Kan. 1994).

**Discussion**.

Plaintiffs' assert two grounds in their Motion. The first, is that Plaintiffs' served but did not file their Response brief. The Court will consider Plaintiffs' arguments made in the Response brief. Second, Plaintiffs appear to assert that the claims in the paragraphs struck by the Court accrued after the statute of limitations.

State statue of limitations for personal injury claims provide the limitations period for violations of civil rights. Beck v. City of Muskogee Police Department, 195 F.3d 553, 557 (10th Cir. 1999). The New Mexico statute of limitations for personal injury actions is three years. NMSA 1978, §37-1-8(1978). Though state law governs limitations, federal law determines the accrual of §1983 claims. A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir. 1988) *cert. denied* 488 U.S. 1007("...a plaintiff who is aware that she is being replaced in a position she believes she is able to handle by a person outside the protected groups knows enough to support filing a claim.); John v. John County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)("Sections 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'").

Plaintiffs filed their Complaint on July 31, 2001. Any claims accruing prior to July 31, 1998 are properly dismissed. The Court in its previous Order struck all claims in paragraphs 25-31 and 40-43. In paragraphs 25-28, 31, 41-43 Plaintiffs assert they were

terminated from the Fire Department and that "the Board changed the locks at the Fire Department premises...thereby illegally dismissing the Plaintiffs from their positions with the Fire Department." Complaint, filed July 31, 2001, ¶27. These events occurred prior to July 31, 1998 and were properly dismissed.

In paragraphs 29, 30, 40 Plaintiffs allege that Defendants did not properly submit the paperwork required for the Plaintiffs to be compensated by the Public Employees Retirement Association. There are no dates associated with this claim in the Complaint. Plaintiffs assert in their Response brief that the denial of payment did not occur until February of 1999. Such an assertion is not admissible evidence. However, in drawing all reasonable inferences in the plaintiff's favor, the Court will allow this claim to proceed at this time. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiffs' Motion to Reconsider is granted in part and that paragraphs 29, 30 and 40 of Plaintiffs' Complaint are reinstated.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**