IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE VELARDE, CHRIS ALCALA,
CHRIS ESQUIBEL, ROSS GARCIA,
JESSE MAESTAS, GABRIEL SANCHEZ,
JEROME SANCHEZ and JERRY VELARDE,
JOE A. HERRERA, JR., SHANNON TALENT,
and JAMES LAW,

       Plaintiffs,

vs.                                     No. CIV 01-0877 DJS/RLP

RIO ARRIBA BOARD OF COUNTY
COMMISSIONERS, ALFRED MONTOYA,
MOISES MORALES and LORENZO J.
VALDEZ, JEROME SANCHEZ, in their
individual and official capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Second Motion for Summary Judgment **[Doc. No. 134]**, filed February 3, 2006, and fully briefed on April 19, 2006. Defendants move the Court for an order dismissing Plaintiffs' claims on the grounds that Plaintiffs failed to present any evidence establishing (1) Defendants denied Plaintiffs their PERA benefits, and (2) Defendants denied them compensation for their participation in the Osha and Cerro Grande fires. Having reviewed the motion, the memoranda in support and in opposition,

the applicable law, and being fully apprised of the circumstances, the Court finds that the motion should be granted in part and denied in part.

## I.  Factual[1] and Procedural Background

On July 31, 2001, Plaintiffs filed their Complaint for Violation of Civil Rights pursuant to 42 U.S.C. §§ 1983 and 1985.  Plaintiffs alleged Defendants violated their rights under the First, Fifth and Fourteenth Amendments.  Specifically, Plaintiffs alleged Defendants terminated them without cause for their political beliefs.  Plaintiffs also alleged the following retaliatory acts: (1) Defendant Sanchez refused to approve their request for payment for fighting the Osha Fire; (2) Defendant Sanchez, the Board and Defendants Morales, Valdez, and Montoya refused to assist them with the paperwork required in order for Plaintiffs to get paid for their participation in the Osha Fire and the Cerro Grande Fire; (3) Gilbert Silva, with the approval of the Board and Defendants Morales, Valdez, and Montoya, submitted inaccurate or incomplete records to the PERA thus denying Plaintiffs of their PERA benefits under the Volunteer Firefighters Retirement Fund; (4) the Board and Defendants Montoya, Morales, and Valdez refused to recognize Plaintiffs as firefighters and informed central dispatch that the county would only recognize Paul Sanchez, Geraldine Martinez-Sanchez and Gilbert Silva as firefighters for the Velarde Fire Department; (5) Gilbert Silva, the unelected chief of the Velarde Fire Department and the only chief recognized by the Board and Defendants Montoya, Morales, and Valdez, scheduled meetings and fire drills without informing Plaintiffs; and (6) the Board and Defendants Montoya, Morales, Valdez and Sanchez have refused to respond to Plaintiffs' letters expressing their

---

[1] The Court set forth the facts of this case in its April 1, 2005 Memorandum Opinion and Order.

concerns regarding the Velarde Fire Department and requesting new equipment and repairs for the fire trucks.

On February 2, 2004, Defendants filed a Motion for Summary Judgment. Defendants claimed Plaintiffs failed to present any evidence establishing that Defendants violated Plaintiffs' federal or state constitutional rights and failed to present any evidence establishing they were entitled to punitive damages. On April 1, 2005, the Court granted, in part, Defendants' motion for summary judgment. Specifically, the Court granted Defendants' motion as to Plaintiffs' claims under 42 U.S.C. §1985. Accordingly, the Court dismissed Plaintiffs' §1985 action with prejudice.

In their Second Motion for Summary Judgment, Defendants contend the deposition testimony of Jess J. Lewis, Deputy Chief Fire Operations, Emergency Management for the Sandoval County Fire Department, establishes that "there are no longer genuine issues of material fact as to the motivations underlying the failure to reimburse Plaintiffs for their participation" in the Osha and Cerro Grande Fires. Defs.' Mem. in Supp. of Second Mot. for Summ. J. at 2. Deputy Chief Jess J. Lewis is also Defendants' expert in this matter. Similarly, Defendants contend Plaintiffs had not received their PERA benefits because they had not complied with the criteria required by statute.

## II. Standard of Review

The Court will grant summary judgment when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant carries the burden of establishing there are no genuine issues of material fact, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970), but may discharge its burden by showing there is an absence of evidence to support the non-movant's case, *Celotex Corp. v. Catrett*, 477 U.S. 317,

3

325 (1986). Once the movant meets its burden, the burden shifts to the non-movant to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). In making its summary judgment determination, the court looks at the pleadings and documentary evidence in the light most favorable to the non-movant, *Deepwater Invs., v. Jackson Hole Ski Corp.* 938 F.2d 1105, 1110 (10th Cir. 1991), and the movant must show beyond a reasonable doubt it is entitled to summary judgment, *Hicks v. City of Watonga, Okla.*, 942 F.2d 737, 743 (10th Cir. 1991). However, once the burden shifts to the non-movant, that party may not rest on its pleadings but must set forth specific facts showing there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp.*, 477 U.S. at 324. However, "the mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* If the non-movant cannot make such a showing, after adequate time for discovery, summary judgment is mandated. *Celotex Corp.*, 477 U.S. at 322. The Court will consider Defendants' motion for summary judgment in light of these standards.

### III.  Discussion

#### A.  PERA Benefits

Defendants contend PERA benefits are governed by statute and not by individual counties. Under N.M.Stat.Ann. §10-11A-6A, a member may claim one year of service credit for each year in which <u>a fire department</u> certifies that the member: (1) attended seventy-five percent of all scheduled fire drills; (2) attended seventy-five percent of all scheduled business meetings; and (3) participated in at least fifty percent of all emergency response calls for which the fire department

4

held the member responsible to attend.  However, the chief of the fire department must "submit to the association by March 31 of each year the records of attendance of members for emergency response calls, fire drills and business meetings during the preceding calendar year." N.M.Stat.Ann. §10-11A-6B.

According to Plaintiffs, in 2000 and 2001, Gilbert A. Silva, the Fire Chief of Velarde, submitted the records of attendance for the Velarde Fire Department to the State.  However, Plaintiffs claim Mr. Silva purposely submitted incomplete or inaccurate information to the State. The records Mr. Silva submitted indicate Plaintiffs failed to meet the statutory criteria for attendance at scheduled fire drills, business meetings and emergency response calls.  *See* Defs.' Mot. for Summ. J., Ex. B.  However, in his affidavit, Plaintiff Velarde attests "[a]ll of the Plaintiffs complied with the statute for the years 1999, 2000, 2001, 2002 and 2003 according to the records maintained by members of the department not recognized by the Defendant County or the Director of Central Dispatch."  Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J.; Ex. A, Velarde Aff. ¶10.  Plaintiff Velarde also attests he "did not submit these records to Gilbert Silva because I, and the other Plaintiffs and members not so recognized, did not reasonably believe the records of our compliance would be approved by the chief recognized by the Defendant County and the Defendant Board, and then given to PERA, as required."  *Id.* ¶ 14.

In response to Plaintiffs' allegations, Defendants contend Mr. Silva, along with many other fire chiefs, made mistakes in the reports submitted to the State.  Jess. J. Lewis testified in his deposition that "many fire departments were confused on how to complete the reporting requirements and had problems accurately completing their PERA paperwork . . . ."  Defs.' Mem. in Supp. of Second Mot. for Summ. J. at 5; Ex. C, Lewis Dep., p. 82, lines 1-25.  Defendants

5

contend Plaintiffs did not get their PERA credit due to their fire chief inadvertently submitting inaccurate records.

In response to this widespread problem, in August 2005, the State Legislature passed a bill allowing volunteer firefighters to resubmit prior service credit already earned prior to January 1, 2005. *Id.*, Ex. A. Specifically, N.M.Stat.Ann. §10-11A-6(C) states:

> C. For service credit that has been earned, but not credited pursuant to Subsection B of this section, a member may post or adjust service credit earned for one or more calendar years prior to January 1, 2005, but for not more than five years of additional service credit, by filing with the association no later than December 31, 2005

According to Defendants, Plaintiffs have taken advantage of this opportunity and have resubmitted their reports to the State. *See* Defs.' Mem. in Supp. of Second Mot. for Summ. J., Ex. E.[2] Thus, if Plaintiff Velarde, as the current fire chief, accurately completed the adjusted qualifications record reports, then Plaintiffs should receive their PERA benefits from the State.

In their response, Plaintiffs failed to address Defendants' claim that Plaintiffs have resubmitted their reporting requirement records to the State and thus should receive their PERA benefits. Plaintiffs only argue "[t]he records from the PERA information system are based on deliberately incomplete information submitted to PERA by Gilbert Silva and approved by the Defendant County and defendants Morales, Valdez and Montoya." Pls.' Resp. at 3. However, Defendants submitted evidence showing "[t]he only involvement at the County level is that they sign off on what the fire chief does before it's sent to PERA . . . ." Defs.' Mem. in Supp. of

---

[2] Exhibit E is the December 27, 2005 Volunteer Firefighters Adjusted Qualification Record Report that Plaintiff Eddie Velarde, as Fire Chief for the Velarde Volunteer Fire Department, submitted to the PERA. Attached to this document are the "Adjusted Qualification Record for Volunteer Firefighter Service Credit" for 1996, 1998, 1999, 2000, 2001, 2002, and 2003.

Second Mot. for Summ. J., Ex. C., Lewis Dep. p. 78, lines1-3.  Defendants also contend that errors in the reports Mr. Silva submitted were not intentional but were due to confusion as to what was the reports required.  *Id*., p. 81, lines 4-25, p. 82, lines 1-10.  In his deposition, Mr. Lewis testified that several fire chiefs submitted erroneous reports and the problem was so widespread that the State Legislature took steps to correct it.  *Id*.

In his affidavit, Plaintiff Velarde attests he did not submit the records he maintained for himself and the other Plaintiffs to Mr. Silva because Plaintiffs did not "reasonably believe" the records of their compliance would be approved by Mr. Silva.  Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J., Ex. A, Velarde Aff.  However, Plaintiffs failed to submit any evidence showing Defendants took any action to interfere with Plaintiffs' PERA benefits.  Because Plaintiffs failed to carry their burden of demonstrating a genuine issue for trial as to their claim that Defendants approved of Mr. Silva submitting inaccurate or incomplete records to the State in order to deny Plaintiffs their PERA benefits, the Court will grant Defendants' motion for summary judgment as to this claim.

## B.  Compensation for Osha and Cerro Grande Fires

Defendants contend they are entitled to qualified immunity because their "<u>conduct in not approving Plaintiffs' forms for reimbursement for their participation in the Osha Fire and not assisting Plaintiffs in obtaining compensation for this fire was objectively reasonable.</u>"  Defs.' Mem. in Support of Second Mot. for Summ. J. at 33 (emphasis added).  Defendants claim their conduct was "objectively reasonable" because Plaintiffs "were freelancing when they responded to this fire," "left Velarde without adequate fire protection," and "did not complete the [reimbursement] form."  *Id.* at 33 and 23.  Specifically, Defendants assert:

> Defendant Sanchez could not approve the reimbursement forms as prepared by Plaintiffs, because the forms were substantially incomplete. More importantly, he could not approve the reimbursement forms, because he did not authorize Plaintiffs to respond to the Osha Fire and he was not given the opportunity to assure that Velarde was left with adequate fire equipment. Plaintiffs were not even dispatched to Angel Fire by central dispatch. They had no County authorization to respond to the Osha Fire. They were simply freelancing. Clearly, Defendant Sanchez' actions were not retaliatory for any political affiliations or beliefs. <u>If Defendant Sanchez assisted Plaintiffs or approved their reimbursement forms, he would have acquiesced to their illegal and improper response to the Osha Fire.</u>

*Id.* at 24 (emphasis added). Defendants make similar arguments in regards to Plaintiffs not receiving compensation for their participation in the Cerro Grande Fire. Specifically, Defendants claim, "[a]s with the Osha Fire, Plaintiffs did not follow the procedure for completing their requests for reimbursement for the Cerro Grande Fire." *Id.*

It has long been clearly established that the First Amendment bars retaliation for protected speech and association. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998). Defendants contend "they have met their burden of demonstrating the objective reasonableness of their conduct" because "the record does not establish that Plaintiffs' speech, political association and/or beliefs were substantial motivating factors behind any of the alleged retaliatory actions." As previously noted, Defendants contend Plaintiffs were not compensated for their participation in the Osha Fire and the Cerro Grande Fire because Plaintiffs did not have authorization from Defendant Jerome Sanchez, the County Fire Marshal, to respond to these fires and because Plaintiffs lacked authority under the Mutual Aid Agreement to respond directly to a fire without going through dispatch or obtaining county approval. *See* Defs.' Mem. in Supp. of Second Mot. for Summ. J. at 6-9. However,"[a]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason,

8

would have been proper." *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir.1990) (quotation omitted).

In this case, Plaintiffs submitted affidavits from firefighters attesting as follows: (1) they have been dispatched to fires outside of their particular district, and [they] have "never requested authorization from the County Fire Marshall prior to leaving to fight any such out of district fires;" and (2) they have "always been compensated, <u>with the assistance of the County</u>, for the work and time [they] have spent on out of district fires, <u>including those to which [they] responded without prior authorization of the County</u> . . . ." *See* Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J. [Doc. 62], Ex. A ( Velarde Aff.), Ex. B (Alcala Aff.), Ex. C (Quintana Aff.), Ex. D (Martinez Aff., Romero Aff., Martinez Aff., Tafoya Aff.- Truchas Fire Department; Campion Aff. - La Mesilla Fire Department; and Valdez Aff., Nelson Aff.- Alcalde Fire Department). Additionally, in his affidavit, Plaintiff Velarde attests he "personally attempted to contact Defendant Sanchez to inform him the Department's Board of Directors had approved [the Velarde Fire Department's] assistance at the Osha Fire." *Id.*, Ex. A, Velarde Aff. ¶22. Plaintiff Velarde also "instructed Gilbert Silva to contact Defendant Sanchez as soon as possible to inform him of the situation." *Id.* Plaintiff Velarde also attests Plaintiffs "responded to the [Cerro Grande] after receiving approval by the Department's Board of Directors." *Id.* ¶24.

Defendants further contend Plaintiffs failed to properly complete their paperwork for reimbursement for the Osha Fire and the Cerro Grande Fire. Defs.' Second Mot. for Summ. J. at 10,12. However, Plaintiffs claim they completed the necessary forms required by the New Mexico State Forestry Division so they could be compensated for the time spent fighting the Osha Fire. According to Plaintiffs they submitted the completed forms to the Defendant Board for

9

submission to the Forestry Division.  Plaintiffs claim they were never compensated because the Defendant Board and the individual defendants failed to timely submit Plaintiffs' paperwork to the State Forestry Division.  Moreover, Plaintiffs submitted evidence in the form of affidavits from other firefighters attesting they all **received help** from the Defendant County in obtaining compensation for fighting out of district fires without prior authorization from the County.   Pls.' Mem. in Opp'n to Defs.' Mot. for Summ. J. [Doc. 62]; Ex. A, Velarde Aff., Ex. B, Alcala Aff., Ex. C, Quintana Aff., Ex. D, Martinez Aff., Romero Aff., Martinez Aff., Tafoya Aff., Campion Aff., Valdez Aff., and Nelson Aff.

> Plaintiffs also contend the Board received money under the Federal Emergency Management Act (FEMA) to compensate firefighters from throughout the County of Rio Arriba, including Plaintiffs, for services rendered at the Cerro Grande Fire.  The Board paid members of fire districts throughout the County of Rio Arriba who participated in the Cerro Grande Fire except for Plaintiffs.  In his affidavit, Plaintiff Velarde also attests:

> > Following the Cerro Grande Fire I submitted a handwritten statement of the man hours spent fighting the fire and the department's equipment that was used to combat the fire to Mr. Baca, of the New Mexico State Fire Marshall's office.  Mr. Baca informed [me] that the documentation I submitted to him was sufficient for individual compensation to the fire fighters and reimbursement to the Department for the cost of the equipment used during the fire.

*Id.*, Ex. A, Velarde Aff. ¶ 25.  Plaintiff Chris Alcala and Mr. Eppie Quintana, who has been a member of the Velarde Fire Department since 1995, also submitted affidavits attesting they "personally approached Defendant Sanchez and asked him if he would help us with obtaining compensation for the work [we] did at the Cerro Grande Fire," but Defendant Sanchez

"specifically told [us] that he would not help us." *Id.*, Ex. B, Alcala Aff. ¶ 7; Ex. C, Quintana Aff. ¶7.

Based on the foregoing, the Court finds there exists a genuine issue of material fact as to whether Plaintiffs' political affiliation and/or beliefs were substantial or motivating factors behind Defendants' actions regarding Plaintiffs not receiving compensation for their participation in the Osha and Cerro Grande fires. Accordingly, Defendants are not entitled to summary judgment on the basis of qualified immunity and thus their motion for summary judgment as to this issue is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Second Motion for Summary Judgment is granted in part and denied in part.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**